UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20250-CR-MORENO

UNITED STATES OF AMERICA

v.

LAMAR COCHISE MURPHY,

Defendant.

_____/

## DETENTION ORDER

On May 5, 2014, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether the defendant, Lamar Cochise Murphy ("Murphy"), should be detained prior to trial.

Where, as here, Murphy has been charged with offenses pursuant to Title 21, United States Code, Sections 841 and 846 for which the maximum term of imprisonment is ten years or more, it shall be presumed that no condition or combination of conditions of release will reasonably assure the appearance of Murphy as required and the safety of the community. See 18 U.S.C. § 3142(e)(3)(A)-(B).

Having considered the evidence presented at the pre-trial detention hearing, the arguments of counsel, the pre-trial services report, and the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that Murphy has failed to rebut this presumption. This Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community were Murphy to be released on bond. See 18 U.S.C. § 3142(e), (f). This Court also finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Murphy as required were he to be released on bond. See id. Therefore, this Court orders the detention of

Murphy prior to and until the conclusion of his trial.

In accordance with the provisions of 18 U.S.C. § 3142(i)(1), the Court makes the following findings of fact and offers the following statement of reasons for detention:

1. The charges against Murphy are serious. Murphy is charged with conspiracy to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. § 846, possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and possession of a firearm by a convicted felon in violation of 21 U.S.C. § 922(g)(1).

2. The weight of the evidence against Murphy is substantial. The government proffered the following evidence at the hearing:

    a. Detectives from the Miami-Dade Police Department (hereafter, "MDPD") received information that drugs were being sold and firearms were present at 1117 NW 3rd Avenue, Apt. #12, in Miami. Based upon that information, MDPD detectives conducted surveillance in the vicinity of the above-mentioned address.

    b. On or about July 29, 2013, at approximately 5:00 p.m., MDPD detectives observed Murphy's co-conspirator, Keith Tyrone Joseph ("Joseph") conduct three separate hand to hand drug transactions on the second floor of 1117 NW 3rd Avenue. After each transaction was completed, MDPD detectives followed and stopped all of the buyers as they left the location. MDPD detectives recovered crack/cocaine from two of the buyers and they were arrested for possession of cocaine. MDPD detectives attempted to recover the controlled substances purchased by the third buyer; however,

2

that individual swallowed the drugs. The third buyer was arrested for tampering with or fabricating physical evidence.

c. During the surveillance of Joseph, MDPD detectives noticed that after each sale was completed, Joseph walked to Apt. #12 which was located on the third floor. Joseph knocked on the door and a male later identified as Murphy opened the door. MDPD detectives observed Joseph hand Murphy what appeared to be United States currency. After the exchange, Joseph went back to the second floor to make more drug sales.

d. As MDPD detectives observed Joseph at the location, they also observed a male, later identified as Demetrius Allen McDuffie ("McDuffie"), arrive at the location. McDuffie took some groceries out of his vehicle and called out to Joseph for help. Joseph approached McDuffie and both walked to Apt. # 12. Both individuals entered the apartment, but Joseph exited alone.

e. After Joseph left Apt. #12, MDPD detectives approached 1117 NW 3rd Avenue and arrested Joseph on the second floor. A search of a fire extinguisher box located on the second floor revealed five clear baggies of crack cocaine, twenty-three yellow baggies of heroin, seventeen purple baggies of powder cocaine, and one clear orange baggie of powder cocaine.

f. MDPD detectives proceeded to the third floor of the building and encountered an individual leaving Apt. #12. As he was leaving, MDPD detectives were able to see inside the living room of the apartment while standing at the front door. In addition to a strong odor of marijuana emanating from the apartment, MDPD detectives observed the following: (i) one semi-automatic assault rifle propped against the wall

3

next to a television set; and (ii) one clear ziploc bag that contained suspected narcotics on the television console.

g. While standing at the front door, MDPD detectives also observed Murphy sitting on the living room couch and McDuffie standing in the kitchen placing groceries in the refrigerator. Both occupants were removed from the residence and asked if they would consent to a search of the apartment. Murphy and McDuffie declined. The location was secured and the detectives obtained a search warrant.

h. On or about July 30, 2013, at approximately 12:00 a.m., MDPD detectives returned to 1117 NW 3rd Avenue, Apt. # 12 and executed the state issued search warrant. Upon entering the living room, MDPD detectives recovered one clear sandwich bag that contained 275 yellow baggies of suspected heroin, two clear bags of suspected heroin, and $158 United States currency from the television console. MDPD detectives also recovered one Hellpup 7.62x39 black and brown semi-automatic assault rifle leaning on the living room wall. Inside of the rifle, was a magazine loaded with twenty 7.62 x 39 bullets.

i. A search of the northeast bedroom of the apartment revealed the following: (i) one Department of Corrections Identification card in the name of Murphy; and (ii) two pay stubs from JMI Staffing, Inc. in the name of Murphy. The Department of Corrections Identification card and pay stubs were recovered from a shoe box next to the bed.

j. A search of the southeast bedroom of the apartment revealed the following: (i) one Florida Identification card in the name of McDuffie; (ii) one Florida Vehicle

4

Registration card in the name of McDuffie; and (iii) two crack/cocaine "cookie" sheets, weighing approximately 37 grams.

    k.  MDPD detectives searched the kitchen and recovered one Timberland shoe box from the top of a kitchen cabinet that contained: (i) two-hundred and eight orange baggies of powder cocaine; (ii) fifty yellow baggies of heroin; (iii) thirty-seven clear baggies of crack/cocaine; and (iv) approximately $400 United States currency. Detectives also recovered a .9mm handgun with an extended magazine from the top of the air conditioning unit that was situated next to the front door.

3.  The pertinent history and characteristics of Murphy provided in the pretrial services report support detention. Murphy has an extensive criminal history. Additionally, he has failed to appear in another county and has a probation violation. Murphy has been incarcerated since his arrest on July 29, 2013, for a pending state case.

4.  As noted above, pursuant to 18 U.S.C. § 3142(e)(3)(A)-(B), there is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure Murphy's appearance as required and the safety of the community. Murphy did not rebut this presumption, given the circumstances of the charges against him and his prior criminal history.

5.  Based on the above findings of fact, and after considering the factors set forth in 18 U.S.C. § 3142(g), this Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community if Murphy is released on bond. The Court further finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Murphy's appearance as required if he is released on bond.

Accordingly, the Court hereby directs that:

a.      Murphy be detained without bond;

b.      Murphy be committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

c.      Murphy be afforded reasonable opportunity for private consultations with his counsel; and

d.      On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Murphy is confined, deliver Murphy to a United States Marshal for the purpose of an appearance in connection with court proceedings.

DONE AND ORDERED in Miami, Florida this 7th day of May, 2014.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc.     Pretrial Services
        U.S. Marshals Service
        Maurice A. Johnson, AUSA
        Alex Arteaga-Gomez, AFPD
        Daniel Ecarius, AFPD