UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20250-CR-MORENO

UNITED STATES OF AMERICA,
          Plaintiff,

v.

LAMAR COCHISE MURPHY,
          Defendant.
_____/

**DEFENDANT LAMAR COCHISE MURPHY'S
MOTION TO SUPPRESS STATEMENTS AND PHYSICAL EVIDENCE**

The defendant, Lamar Cochise Murphy, by and through the undersigned, hereby moves to suppress all fruits of the unlawful search on July 29, 2013, of 1117 NW 3rd Ave., Apt. 12, Miami FL. These fruits include physical evidence and statements. Mr. Murphy requests an evidentiary hearing on this motion. In support of these requests, the undersigned states as follows:

**I.**     **Factual Background.**

    1.     According to government-produced discovery, on July 29, 2013, Miami-Dade Police Officers made entry into 1117 NW 3rd Ave., Apt. 12.

    2.     Officers did not have a warrant.

    3.     According to police reports, during this entry, officers saw contraband in plain view.

    4.     Based on what they saw while inside the apartment, officers obtained a warrant.

5. Also based on what they saw while in the apartment, Mr. Murphy was arrested.

6. Some time later, officers returned to Apartment 12 and executed the search warrant. They recovered an assault rifle, a Glock handgun, US currency, heroin, powder cocaine, crack cocaine.

7. Mr. Murphy was interrogated and gave an incriminating statement in response, in which he admitted to living in Apartment 12.

## II. Argument.

### A. The Officer's Warrantless Entry into the Apartment was Unlawful.

It is a "basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 585-6 (1980)(warning that the "physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed")(internal citations omitted); *see also Kyllo v. United States*, 533 U.S. 27, 31 (2001)("At the very core of the Fourth Amendment stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion . . .With few exceptions, the question whether a warrantless search of a home is reasonable and hence constitutional must be answered no.")(internal citations omitted).

In this case, officers first entered Apartment 12 (on the third floor) with no warrant. Once inside the apartment, they allegedly observed contraband and encountered (and arrested) Mr. Murphy. None of the exceptions to the warrant requirement justify the entry in this case.

> **B.   The Search Warrant is Invalid Because it is Based on Fruits of that Initial, Warrantless Entry.**

When a search warrant affidavit is "tainted with evidence obtained as a result of a prior, warrantless, presumptively unlawful entry into a personal dwelling," the fruits of the post-warrant search must be suppressed. *United States v. McGough*, 412 F.3d 1232, 1239-40 (2005) (holding that when an officer's decision to pursue a warrant is based on observations made during an unlawful presence in a house, the good-faith exception to the exclusionary rule does not apply).

Here, officers pursued a warrant to search Apartment 12 after entering the apartment unlawfully and observing contraband therein. The warrant affidavit was based in large part on a recitation of the officers' observations upon gaining unjustified entry into the apartment. Under the reasoning of *McGough*, therefore, any evidence seized pursuant to the warrant must be excluded from Mr. Murphy's trial.

> **C.   Mr. Murphy was Did Not Knowingly, Voluntarily and Intelligently Waive his Miranda Rights Before Being Interrogated.**

The Fifth Amendment commands that no person "shall be a witness against himself." U.S. Const., amend. V.  In order "to implement the Self-Incrimination Clause . . . [the Supreme Court] in *Miranda* concluded that 'the accused must be adequately and effectively apprised of his rights and the exercise of those rights must be fully honored." *Missouri v. Seibert*, 542 U.S. 600, 608 (2004) (quoting *Miranda v. Arizona*, 384 U.S. 436, 467 (1966)). As the Court explained, "*Miranda* conditioned the admissibility at trial of any custodial confession on warning a suspect of his rights: failure to give the prescribed

warnings and obtain a waiver of rights before custodial questioning generally requires exclusion of any statements obtained." *Id*.

Accordingly, before the government can introduce at trial statements made during custodial interrogation, it bears the burden of demonstrating that the statements were obtained in compliance with the Fifth Amendment and *Miranda*. *See id.* at 610 n.1. It must prove that a defendant in custody knowingly, intelligently, and voluntarily waived his *Miranda* rights before responding to interrogation. *Colorado v. Connelly*, 479 U.S. 157, 167-71 (1986). The government can not meet that burden here.

### III.  Conclusion.

For the foregoing reasons, the Court should suppress all physical evidence obtained during the unlawful search of Apartment 12 and all fruits derived thereof, including Mr. Murphy's incriminating statements. Mr. Murphy also hold an evidentiary hearing on this motion.

Respectfully submitted,
MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY:   s/*Christy O'Connor*
Christy O'Connor
Assistant Federal Public Defender
Florida Bar No. A5501358
150 West Flagler Street
Suite 1700
Miami, Florida 33130-1556
Tel:  305-530-7000/Fax:  305-536-4559
E-Mail Address:  christy_o'connor@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY certify that on June 4, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties via transmission of Notices of Electronic Filing generated by CM/ECF..

s/*Christy O'Connor*  
Christy O'Connor